## CIRCUIT COURT OF THE CITY OF RICHMOND

Shirley B. Shell,
Adm'x of the Estate of
Dawn Shell, deceased

v.

USAA Casualty Ins. Co. et al.

July 8, 1992

Case No. HC-81-1

BY JUDGE MELVIN R. HUGHES, JR.

The dispute in this declaratory relief case raises issues of the meaning of *under*insured motorist coverage according to § 38.2–2206(B), Code of Virginia of 1950, as amended as between two uninsured insurance carriers. Once an "underinsured" is determined, the policy covering the vehicle occupied by the injured person receives a credit for liability coverage on its payment. The case presents the question of which carrier is entitled to the liability coverage credit. The issues are framed by plaintiff's Motion for Summary Judgment on stipulated facts.

Plaintiff's decedent, Dawn Shell, was a passenger in a motor vehicle operated by Calvin Lee Welborn on January 26, 1991. Both were killed after the vehicle left the road. Plaintiff is the administrator for Shell's estate and claims negligence against Welborn's estate.

There are two relevant provisions in § 38.2–2206(B) that are important here. First, the definition of "underinsured":

A motor vehicle is "underinsured" when, and to the extent
that, the total amount of bodily injury and property damage
coverage applicable to the operation or use of the motor

vehicle and available for payment for such bodily injury or property damage, including all bonds or deposits of money or securities made pursuant to Article 15 (46.2–435 et seq.) of Chapter 3 of Title 46.2 is less than the total amount of uninsured motorist coverage afforded any person injured as a result of the operation or use of the vehicle.

And the "Available for payment" provision of that section reads:

"Available for payment" means the amount of liability insurance coverage applicable to the claim of the injured person for bodily injury or property damage reduced by the payment of any other claims arising out of the same occurrence.

*If an injured person is entitled to underinsured motorist coverage under more than one policy, the following order of priority of policies applies and any amount available for payment shall be credited against such policies in the following order of priority:*

1. The policy covering a motor vehicle occupied by the injured person at the time of the accident.

2. The policy covering a motor vehicle not involved in the accident under which the injured person is a named insured.

3. The policy covering a motor vehicle not involved in the accident under which the injured person is an insured other than a named insured.

Where there is more than one insurer providing coverage under one of the payment priorities set forth, their liability shall be proportioned as to their respective underinsured motorist coverages.

Recovery under the endorsement or provisions shall be subject to the conditions set forth in this section. [Emphasis supplied.]

In this case, plaintiff seeks a declaration that defendant, USAA Casualty Insurance Company, is liable for underinsured coverage in the amount of $25,000.00 under its policy.[1] At the time of the acci-

---

[1] The case originally named Government Employees Insurance Company (GEICO) as

dent, plaintiff was a named insured on a family automobile policy issued by USAA.[2]

Also, at the time, Nationwide Mutual Insurance Company provided liability coverage on the Welborn vehicle in the amount of $25,000.00 per person. USAA also provided plaintiff $25,000.00 per person uninsured motorist coverage under its policy. The vehicle occupied by plaintiff at the time was underinsured to the extent of $25,000.00.

The parties differ on their views of § 38.2–2206(B). Plaintiff views § 38.2–2206(B) to allow the uninsured coverage provided by both Nationwide and USAA to determine the extent of underinsured coverage. Once the extent of underinsurance is determined, then under the "Available for payment" provision of the section, plaintiff contends, Nationwide is entitled to the credit in the first priority line leaving USAA in second position and making it liable for payment under its *under*insurance coverage in the amount of $25,000.00. USAA contends the intent of the statute is to determine *under*insured status as if there was an uninsured. Thus, if plaintiff had a claim against an uninsured, only USAA's coverage would be considered against that of the liability carrier, Nationwide, and the difference would be the amount by which the plaintiff would be underinsured. USAA would receive the credit on the first priority and would not pay its coverage.

Plaintiff relies on *Dairyland Insurance Co. v. Silva*, 242 Va. 191 (1991). In *Dairyland*, Allstate Insurance Company insured the defendant's vehicle for liability in the amount of $25,000.00 for a single bodily injury. Dairyland Insurance Company provided $25,000.00 uninsured motorist coverage to the plaintiff, and Allstate provided the same amount of uninsured motorist coverage to plaintiff as a named insured on a family policy. Allstate and Dairyland each claimed a credit, but they could not agree on which of them would be liable for the remaining $25,000.00 of a proposed $50,000.00 settlement. The Court ruled that the case could be decided on "clear and unambiguous statutory language" in § 38.2–

---

a co-defendant. Plaintiff and GEICO have since settled without prejudice as to the issues between plaintiff and USAA.

[2] Plaintiff was an insured, other than a named insured, on its policy with coverages of $50,000.00/100,000.00.

2206(B). The Court decided that Dairyland had the primary obligation to pay the plaintiff's uninsured motorist claim and thus was entitled to the credit.

Citing *Dairyland* as authority for the "clear and unambiguous" language of the statute plaintiff here, by her reasoning, suggests that "the total amount of uninsured motorist coverage afforded" means Nationwide's uninsured coverage is considered for payment as well as USAA's. By the order of priority, Nationwide receives the credit leaving USAA to pay *under*insured coverage under its policy. The Court does not agree with this interpretation or with this reading of *Dairyland*.

Plaintiff misreads the statute by assigning to that reading a clear and unambiguous intent as in *Dairyland* which is simply not present and does not apply in this case. The words "the total amount of uninsured motorist coverage afforded any person injured" does not mean that any uninsured coverage is considered for credit. It means that, in determining "underinsured," only that uninsured coverage that is "afforded" is considered, not that of a liability carrier whose policy would not otherwise be implicated. It is as if the injury to the plaintiff was brought about by an uninsured driver. The primary obligation to pay this plaintiff's uninsured motorist claim rests with USAA, and it is entitled to the credit. This plaintiff would not be entitled to uninsured motorist coverage from nationwide in a claim of negligence against the Welborn estate if the Welborn vehicle was uninsured. The statute is clear but not in the direction plaintiff would go. Moreover, by the very terms of the Nationwide policy, its uninsured motorist coverage is reduced by all sums paid under its liability coverage.

For the foregoing reasons, plaintiff's Motion for Summary Judgment is denied.